REGAN, Judge.
The plaintiff, Sinclair Oil & Gas Company, filed a concursus proceeding against the defendants, the State of Louisiana and various private individuals, principally the Delacroix Corporation and persons owning royalty interests dependent upon its title, endeavoring to determine the ownership of royalty interests from a unitized production area. The principal question posed for our consideration is whether the state or the various private claimants own the water bottom areas within the production units.[1]
The individual owners filed answers to the concursus pleadings in which they claim to be owners of all of the land and water bottoms included within the unitized area. Briefly stated, the private claimants contend in their answers that the property which forms the subject matter of this litigation was acquired by the state pursuant to the Swamp Land Grant Act,[2] that the state transferred the land to Lake Borgne Levee District, and that the Levee District subsequently conveyed the land to one Fernando Estopinal, the common ancestor in title of all of the private claimants.
The state answered the concursus pleadings and claimed title to the water bottoms within the unitized area predicated on several hypotheses, among which are the contentions that the water bottoms are navigable and as such constitute sovereignty land; that this land was not transferred to the Levee District; that alienation of the water bottoms was barred by various “Oyster Statutes”; and that fraud in the transfer by the Levee District to Estopinal was present.
Subsequent to the filing of the answers by all of the litigants, the private claimants filed a motion for summary judgment principally predicated upon four grounds. First, they contended that the claim of the state to the water bottoms was barred by Act 62 of 1912 since the state did not file suit to annul the transfer to Estopinal within six years from the Act’s effective date. Second, certain alleged defects in the transfer from the estate to the Levee District had no legal effect upon the title of the present owners. Third, there was no physical possibility that the state could establish any type of dereliction acquisition of any part of the area in dispute. Finally, they insisted that the state could not vitiate their titles by proof of fraud in the transfer from the Levee District to Es-topinal, their ancestor in title.
After hearing the arguments and considering the documents submitted with the private claimants’ motion for summary judgment, the lower court rendered judgment in favor of them and dismissed the state’s claim to the water bottoms. From that judgment, the state has prosecuted this appeal.
This case was consolidated with another case entitled “Sinclair Oil & Gas Company v. Delacroix Corporation et al.”, La.App., 235 So.2d 187, which arose out of a similar concursus proceeding involving an abutting unitized area. In the consolidated case, the only difference was the production unit involved; however, all of the issues presented in this proceeding as well as the judgment rendered thereon are identical to the consolidated proceedings.
For the reasons assigned therein, the judgment of the district court is now annulled and set aside, and the case is re *193 manded for additional proceedings consistent with the rationale of this opinion.
The costs of this appeal are to be paid by the individual claimants. All other costs are to await a final determination of the case.
Reversed and remanded.

. There was originally a dispute between the private claimants with regard to their proportionate unit interests, but this dispute was eliminated by pretrial order, and this issue is no longer relevant to this appeal.

. 43 U.S.O. §§ 981-987.